USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-18-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RAINOLD VILLAFANE,

                              Petitioner,             13 Civ. 5328 (PKC)
                                                             11 Cr. 568 (PKC)

      -against-

                                                              MEMORANDUM
                                                              AND ORDER

UNITED STATES OF AMERICA,

                              Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Rainold Villafane has filed, pro se, a petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, asserting that he was deprived of the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution.

        Villafane brought the instant petition on July 26, 2013. (Docket # 1, 13 Civ. 5328 (PKC).) The government answered on December 16, 2013. (Docket # 7.) After a request for an extension of time, the Court set a reply deadline of March 17, 2014. (Order 1, Docket # 9.) As of June 17, 2014, Villafane has not filed a reply. Consequently, the Court will consider the documents submitted with Villafane's petition, the government's response, and any declarations already provided to the Court.

        For reasons explained, Villafane's petition is denied.

## BACKGROUND

        Villafane was initially charged with conspiracy to distribute and possess with intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine and one kilogram and more of mixtures and substances containing a detectable amount of heroin. (Apr. 13, 2012, Tr. 7.) At the time of his arrest, officers conducted

a search of his mother's apartment and recovered a firearm.  (See Villafane Aff. ¶ 7–8.) Villafane's counsel objected to the search and moved to suppress any evidence recovered. (Notice of Motion 1, Docket # 92, 11 Cr. 568 (PKC).)

On April 13, 2012, Villafane pleaded guilty to the lesser included offense of conspiracy to distribute and possess with intent to distribute one kilogram and more of mixtures and substances containing a detectable amount of cocaine.  (Apr. 13, 2012, Tr. 7–8, 18.)  By the terms of his plea agreement (the "Plea Agreement"), in exchange for Villafane's plea of guilty, the government would not prosecute him for his possession of a firearm in furtherance of the conspiracy.  (Resp't's Mem. of Law in Opp'n to Pet'r's Pet. Ex. B ("Plea Agreement"), at 2.) According to the Plea Agreement, Villafane and the government stipulated to an offense level under the Guidelines that included a two level enhancement for possession of a firearm.  (Id. at 2–3.)

At the plea proceeding, Villafance confirmed that he felt "good" and that his mind was clear.  (Apr. 13, 2012, Tr. 4.)  He confirmed that he had enough time to discuss all of his options with his lawyer and was satisfied with his lawyer's representation of him.  (Id. at 4–5.) The Court explained the rights he would have if he went to trial and the rights he was giving up by pleading guilty in detail and in a manner compliant with Rule 11(b), Fed. Crim. P. (Id. at 5–7.)  Villafane also confirmed that no one had threatened him or forced him to plead guilty and no one made any promises to induce him to plead guilty.  (Id. at 11.)  He asserted that he had reviewed the Plea Agreement with his lawyer before signing it and that he understood it.  (Id. 10–11.)

Villafane acknowledged that, under the Plea Agreement, he "waived [his] right to appeal or collaterally attack a sentence, unless the sentence that [the Court] impose[s] is above

the stipulated guideline range, and, in that event, the law will only allow [him] to challenge the sentence on the ground that it is unreasonable or contrary to law." (Apr. 13, 2012, Tr. 13.) Villafane further acknowledged that, by pleading guilty, he waived the right to "object to evidence offered by the government." (Id. at 6.) The Court's inquiry of Villafane was consistent with the terms of the Plea Agreement, which he understood and signed. That agreement provided, inter alia, that he "will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range," which was 70 to 87 months. (Plea Agreement 4–6.) The Plea Agreement also noted that, though its terms were binding on the government and Villafane, they were not binding on the Court. (See id. at 7.)

The Court inquired of the facts which led Villafane to believe he was guilty. He stated that he conspired with others to sell one kilogram of cocaine and that "the allegation[s] that the prosecutor brought to [the Court's] attention [were] correct." (Apr. 13, 2012, Tr. 15–16.) Villafane further stated that he knew what he was doing was wrong and unlawful. (Id. at 16.) He then entered a plea of guilty. (Id. at 18.) The Court found there was a factual basis for Villfane's guilty plea and found the plea to be knowing and voluntary. (Id.) After accepting Villafane's plea, the Court dismissed the outstanding motion to suppress as moot. (Docket # 162.)

Subsequently, the Court sentenced Villafane to 70 months, which was the low end of the guideline range, and recommended that he be evaluated for the Bureau of Prisons's Residential Drug Abuse Program (the "RDAP"). (July 26, 2012, Tr. 14–16.)

DISCUSSION

"It is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge and, in the absence of a court-approved reservation of issues for appeal,

waives all challenges to the prosecution except those going to the court's jurisdiction." Hayle v. United States, 815 F.2d 879, 881 (2d Cir. 1987) (citations omitted). "Thus, after a judgment of conviction has been entered upon the defendant's plea of guilty, the defendant may not raise nonjurisdictional challenges either on direct appeal or by collateral attack under § 2255." Id. (citations omitted).

The Second Circuit has consistently upheld the validity and enforceability of a waiver of a right to appeal or collaterally attack a sentence present in a plea agreement. See, e.g., United States v. Pearson, 570 F.3d 480, 485 (2d Cir. 2009) (per curiam); Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam). However, a court will not uphold a waiver "on a basis that is unlimited and unexamined." United States v. Ready, 82 F.3d 551, 555 (2d Cir. 1996), superseded on other grounds as stated in United States v. Cook, 722 F.3d 477, 481 (2d Cir. 2013). In this Circuit, there are limited exceptions to the presumption of enforceability of a waiver, "such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus." United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) (internal quotation marks and citations omitted).

Villafane asserts that, by failing to inform him that the weapons sentencing enhancement would preclude him from participating in the RDAP, he was deprived of his right to effective assistance of counsel. On a claim of ineffective assistance of counsel, a defendant must first overcome a presumption of effective representation by presenting evidence that

counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms.  Strickland v. Washington, 466 U.S. 668, 688–90 (1984).  Second, the defendant must prove prejudice by showing a reasonable probability that, but for counsel's performance, the result would have been different.  Id. at 694.  It is insufficient to show that counsel's errors had "some conceivable effect" on the outcome.  Id. at 693.  Instead, the defendant must show "a probability sufficient to undermine confidence in the outcome." Id. at 694.

According to Villafane, he only pleaded guilty on the assumption that he would qualify for the RDAP.  But the Plea Agreement explicitly stated that the Court would not be bound by its terms.  (See Plea Agreement 7.)  Further, admission into the RDAP is within the discretion of the Bureau of Prisons (the "BOP").  See 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.58.  See also  LaSorsa v. Spears, 2 F. Supp. 2d 550, 555 (S.D.N.Y. 1998) ("[A]lthough BOP may not release violent offenders, it has virtually complete discretion otherwise.").  Thus, representations that may have been made concerning the RDAP at the time Villafane signed the Plea Agreement were not guarantees as they could neither bind the Court, nor the BOP.

Implicit in Villafane's assertion is that, but for the sentencing enhancement, the BOP would have accepted him into the RDAP.  As the BOP's decision is discretionary, this outcome is not necessarily certain.  Because the Court does not have the authority to compel the BOP to accept Villafane into the program, the Court cannot conclude that counsel's failure to object to the sentencing enhancement in the plea agreement had an effect sufficient to "undermine confidence" in Villafane's guilty plea.

## CONCLUSION

Based on the foregoing reasons, the petition (Docket # 1, 13 Civ. 5328 (PKC) is DENIED.  The Clerk is directed to enter judgment for the respondent.

Villafane has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Soto v. United States, 185 F.3d 48, 51 (2d Cir. 1999). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 17, 2014